O’NIELL, O'. J.
 

 Appellant was prosecuted under a bill of information accusing him of breaking and entering a warehouse in the daytime with intent to steal. He was convicted and sentenced to imprisonment in the penitentiary.
 

 The main question for decision, as the state’s attorneys say in their brief, is whether the room which appellant was convicted of breaking and entering was a
 
 warehouse,
 
 within the meaning of the statute. Section 854 of the Revised Statutes makes it burglary to break and enter in the daytime “any dwelling house or outhouse thereto adjoining and occupied therewith, or any office, shop, or warehouse, or any vessel,” with intent to steal, etc.
 

 The question is presented in several forms, in 10 bills of exception. Eight of the bills were reserved to the overruling of objections to the state’s offering proof of burglary of a room or house which was not a warehouse. It was a small storeroom or junk room in a theater building. One of the bills of exception was reserved to the court’s refusal to give the following special charge or instruction to the jury, viz.:
 

 “A room used as a storeroom or wareroom in connection with some other business, other than the operation of a warehouse, is not a warehouse, within the meaning of the Revised Statutes, section 854, on which this prosecution is based.
 

 “A warehouse is a house used for the purpose of storing goods, wares, or merchandise', for sale or for future use, but is not a ware-room or storeroom used in connection with some other trade or business.”
 

 Instead of this special charge, which was requested by defendant’s attorney, the judge gave the following charge or instruction
 
 to
 
 the jury, defining the term “warehouse,” viz.:
 

 “A warehouse is a room or house in which goods, wares, and merchandise are stored for safe-keeping or for future use.”
 

 The proof was — and it is conceded — that the room in question was not what would be regarded or understood to be a “warehouse,” in ordinary parlance. No part of the theater building was ever used for a warehouse. The dimensions of the room in question were, approximately, 8x8 feet, a part of which space was taken up by a stairway. The room had been used as an office, but was used only as a storeroom or junk room at the time of the alleged offense. It contained the switchboard for the electric lights, an iron safe, a table, a lot of old magazines, electric light globes, and perhaps other useful articles, as well as junk.
 

 None of the witnesses would characterize the room as a warehouse. They called it the “little office,” or the “supply room,” or “storeroom.” The manager of the theater, as a witness for the state, said the room was “used for a wareroom or storeroom where I kept my supplies.” It is certain that the room in question, or the theater building itself, would never have been recognized under the appellation “warehouse.” It is likewise certain that the defendant in this case would not be accused of the burglary of a warehouse if the writers of the statute had used a more appropriate term than “warehouse.” The omission to forbid the breaking and entering of a theater, or the breaking and entering of a storeroom, or junk room, is perhaps an unfortunate hiatus in the law, but it does not warrant our calling a theater, or a storeroom or junk room in a theater, a “warehouse.” Our conclusion is that the conviction in this case is illegal.
 

 The verdict and sentence appealed from
 
 *169
 
 are annulled, and it is ordered that the case be remanded to the district court for further proceedings consistent with the foregoing opinion.
 

 BRUNOT, J., dissents.